MAVL Capital, Inc. v. Marine Transport Logistics

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand nineteen.

PRESENT:  JON O. NEWMAN,
          DENNIS JACOBS,
          CHRISTOPHER F. DRONEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - -X
MAVL CAPITIAL, INC., IAM & AL GROUP INC., MAXIM OSTROVSKIY,

      Plaintiffs-Counter-Defendants-
      Appellants,

      -v.-                              18-1197

MARINE TRANSPORT LOGISTICS, INC., ROYAL FINANCE GROUP, INC., CAR

**EXPRESS & IMPORT INC, ALEKSANDR SOLOVYEV, DIMITRY ALPER,**
> <u>Defendants-Counter-Claimants-Appellees</u>,

**JOHN DOE CORP., THE UNIDENTIFIED VESSEL OPERATING COMMON CARRIER/OCEAN LINER,**
> <u>Defendant-Appellee</u>,

**Dimitry Alper,**
> <u>Defendant-Counter-Claimant</u>.

- - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFFS-APPELLANTS:**     Marcus A. Nussbaum, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:**     Garry Pogil, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Maxim Ostrovskiy and his companies, MAVL Capital, Inc. and IAM & AL Group Inc. (collectively "Plaintiffs") are in the business of purchasing automobiles in America for resale in Europe. To finance, store, and transport the vehicles overseas, Plaintiffs contracted with Marine Transport Logistics, Inc. and its director Dimitry Alper, and with Aleksandr Solovyev and his companies, Royal Finance Group, Inc. and Car Express & Import Inc. (collectively "Defendants"). Plaintiffs alleged Defendants violated state and federal laws by refusing to return Plaintiffs' vehicles, fraudulently obtaining title to those vehicles by asserting maritime liens, and shipping the vehicles overseas. On

2

September 8, 2015, the United States District Court for the Eastern District of New York (Townes, J.) dismissed the federal claims on the pleadings and declined to exercise supplemental jurisdiction over the state claims. Plaintiffs moved for relief from the dismissal of their RICO claim, pursuant to Federal Rule of Civil Procedure 60(b)(2), citing newly discovered evidence. Plaintiffs appeal from the judgment (Chen, J.) denying Plaintiffs' Rule 60(b)(2) motion. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Denial of a Rule 60(b)(2) motion is reviewed for abuse of discretion. ISC Holding AG v. Nobel Biocare Finance AG, 688 F.3d 98, 109 (2d Cir. 2012). A Rule 60 motion may not be used "simply to relitigate matters settled by the original judgment." Donovan v. Sovereign Sec. Ltd., 726 F.2d 55, 60 (2d Cir. 1984). The party seeking relief from a judgment because of newly discovered evidence must show that the evidence is of facts that existed at the time of the dispositive proceeding but were undiscoverable in time despite the movant's "reasonable diligence." Fed. R. Civ. P. 60(b)(2); see United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." Int'l Bhd. Of Teamsters, 247 F.3d at 391.

The denial of the Rule 60(b)(2) motion was within the district court's discretion. Plaintiffs' RICO claim was dismissed for failure to plead a pattern of racketeering activity. Plaintiffs argue that, post-dismissal, Defendants made representations to the Federal Maritime Commission that, through a sequence of events, for the first time alerted Plaintiffs to criminal and civil actions regarding additional predicate acts against Defendant Solovyev. However, the criminal and civil actions against Solovyev were filed before 2013 and were matters of public record that could have been discovered "with reasonable diligence" before the filing of Plaintiffs' lawsuit, Defendants' motion to dismiss, or the September 2015 dismissal of their RICO claim. And the record demonstrates that Plaintiffs' *did* discover Solovyev's criminal history before their claims were dismissed; Plaintiffs annexed exhibits regarding Solovyev's 2009 criminal charges and guilty plea to their opposition to Defendants' motion to dismiss. Dist. Ct. Dkt. 38-2 at 6 n.1. The newly discovered wire transfer does not show a

3

continuing pattern of racketeering; the alleged scheme ended when the defendants failed to pay MEAA.

We have considered Plaintiffs' remaining arguments and find them to be without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4